UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED R. SOSA,<br><br>    Plaintiff,<br><br>    v.<br><br>M. C. SAYRE, et al.,<br><br>    Defendants. | Case No. 12-cv-00283-WHO<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** |

## INTRODUCTION

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by plaintiff Alfred Sosa, a *pro se* state prisoner. Defendants' motion to dismiss (Docket No. 31) is GRANTED with respect to Sosa's claims regarding his medical treatment under the Eighth Amendment because Sosa failed to exhaust them, and DENIED with respect to his First Amendment claims against J. Torrance, an appeals coordinator, for failing to respond to his grievances and threatening to confiscate his appeal documents.

## DISCUSSION

### I. Eighth Amendment Claims

Sosa filed a grievance in April 2011 in which he requested medical treatment for welts on his forehead, eye, and arms, and complained about the lack of treatment up to that point. (Am. Compl., Ex. 1 at 1.) His request to see a doctor was granted, and he received

medical examinations and treatment. (*Id.*, Ex. 3.) While his grievance was pending, however, he suffered a heart attack and learned that he suffered from shingles. Although his grievance was partially granted on August 10, 2011, Sosa's problems had changed. He appealed to the second level appeal concerning the heart attack, stress, shingles and delay in receiving treatment. (*Id.*, Ex. 1 at 2.) Because he raised new issues, the appeal was screened out and Sosa was notified that he needed to exhaust the new claims. Sosa did not exhaust those claims, and his appeal was ultimately cancelled. (*Id.*, Exs. 5 and 7.)

Prisoners must properly exhaust their administrative remedies before filing suit in federal court. "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and is no longer left to the discretion of the district court. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)). The PLRA exhaustion requirement requires "proper exhaustion" of all available administrative remedies. *Id.* at 93.

The State of California provides its prisoners the right to appeal administratively "any policy, decision, action, condition, or omission by the [CDCR] or its staff that the inmate . . . can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." 15 CCR § 3084.1(a). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal review, submitted on a CDC 602 inmate appeal form; (2) first formal level appeal, to an institution appeals coordinator; (3) second formal level appeal, to the institution warden; and (4) third formal level appeal, to the Director of the CDCR. *See* CCR § 3084.7; *Brodheim v. Cry*, 584 F.3d 1262, 1264-65 (9th Cir. 2009). An inmate's obligation to exhaust persists as long as some remedy is available; when that is no longer the case, the prisoner need not further pursue the grievance. *Brown v. Valoff*, 422 F.3d 926, 934-35 (9th Cir. 2005).

Sosa contends that he is exempt from the exhaustion requirement because his appeal was "partially granted" at the second level of review, thereby ending his exhaustion obligation. He relies on *Harvey v. Jordan*, 605 F.3d 681, 685 (9th Cir. 2010), which held that "An inmate has no obligation to appeal from a grant of relief, or a partial grant that satisfies him, in order to exhaust his administrative remedies." In *Harvey*, the prisoner-plaintiff filed a grievance, requesting a timely hearing on a disciplinary charge, and he received a decision granting him relief. *Id.* at 684-85. Five months later, having still received no hearing, the prisoner filed an appeal at the second level of review, which was rejected as untimely. *Id.* at 685. The Ninth Circuit concluded that the prisoner had exhausted his claim, reasoning, "Once the prison officials purported to grant relief with which [the prisoner] was satisfied, his exhaustion obligation ended. His complaint had been resolved, or so he was led to believe, and he was not required to appeal the favorable decision." *Id.*

In contrast to *Harvey*, Sosa did not obtain the full relief he sought. His original grievance described his complaints about the lack of medical care and requested medical examination and treatment. The partially granted appeal did not award relief for the delay in treatment, nor did it address the new matters raised. This is not a case like *Harvey*, where the defendant failed to comply with the decision granting relief. Sosa was not excused from exhausting his administrative remedies. Besides frustration with the administrative process, Sosa gives no reason for failing to exhaust.

Accordingly, defendants' motion to dismiss Sosa's Eighth Amendment claims for failure to exhaust is GRANTED and those claims are DISMISSED.

### III. Motion to Dismiss First Amendment Claims

Sosa alleges that defendant J. Torrance, a Health Care Appeal Coordinator at Pelican Bay State Prison, violated his First Amendment right of access to the courts by failing to respond to his grievances and threatening to confiscate his appeal documents.

The right of access to the courts extends to established prison grievance procedures. *See Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995). "Within the prison context, a

viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2009) (footnote omitted). Liberally construing the complaint, Sosa's allegations meet these pleading standards. More specifically, the allegations indicate that Torrance, a state actor, threatened to take the adverse and chilling action of confiscating documents Sosa was using to pursue grievances against his jailors, and that this threat advanced no legitimate correctional goal. A claim having been stated, defendants' motion to dismiss this claim is DENIED.

## CONCLUSION

Defendants' motion to dismiss Sosa's Eighth Amendment claims is GRANTED, and those claims are DISMISSED. N. Ikegbu, M.C. Sayre, K. Vail, and C. Williams are TERMINATED as defendants in this action. Judgment will be entered in favor of defendants as to these claims at a later date.

Defendants' motion to dismiss Sosa's First Amendment claims is DENIED. Accordingly:

1. Defendants shall file a motion for summary judgment, or notice regarding such motion, regarding the First Amendment claims on or before June 20, 2014. When the motion is filed, defendants shall provide Sosa with the required warnings regarding summary judgment motions, as detailed in the order of service (Docket No. 14).

2. Sosa's opposition to the motion, if any, shall be filed on or before August 4, 2014.

3. Defendants' reply to the opposition, if any, shall be filed on or before August 20, 2014.

4. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

4

5. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).
6. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.
7. Plaintiff's motion to present jurisdiction (Docket No. 52) is DENIED as unnecessary.
8. The Clerk shall terminate Docket Nos. 31 and 52.

**IT IS SO ORDERED.**

Dated:  March 18, 2014



WILLIAM H. ORRICK
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ALFRED R. SOSA,

          Plaintiff,

  v.

M.C. SAYRE et al,

          Defendant.

Case Number: CV12-00283 WHO

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 18, 2014, I SERVED a true and correct copy of the attached, by placing said copy in a postage paid envelope addressed to the person hereinafter listed, by depositing said envelope in the U.S. Mail.

Alfred R. Sosa C-44192
Pelican Bay State Prison
P.O. Box 7500 D4-101
Crescent City, CA 95531

Dated: March 18, 2014

Richard W. Wieking, Clerk
By: Jean Davis, Deputy Clerk