UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALFRED R. SOSA,

    Plaintiff,

v.

J. TORRANCE,

    Defendant.

Case No. 12-cv-00283-WHO (PR)

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

## INTRODUCTION

Plaintiff Alfred Sosa, who filed this pro se federal civil rights action under 42 U.S.C. § 1983, claims that defendant J. Torrance, a Health Care Appeals Coordinator at Pelican Bay State Prison, violated his First Amendment rights by mishandling his inmate grievances, retaliating against him, and denying him access to the courts. Torrance moves for summary judgment (Docket No. 59) because, among other grounds, Sosa failed to exhaust his claims prior to filing suit. There are no material facts in dispute on the issue of exhaustion. Torrance's motion for summary judgment is GRANTED.

## STANDARD OF REVIEW

Summary judgment is proper where the pleadings, discovery and affidavits demonstrate that there is "no genuine dispute as to any material fact and [that] the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof on an issue at trial, it must

affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. On an issue for which the opposing party by contrast will have the burden of proof at trial, as is the case here, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(c). The Court is concerned only with disputes over material facts and "[f]actual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. It is not the task of the court to scour the record in search of a genuine issue of triable fact. *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). The nonmoving party has the burden of identifying, with reasonable particularity, the evidence that precludes summary judgment. *Id.* If the nonmoving party fails to make this showing, "the moving party is entitled to a judgment as a matter of law." *Celotex*, 477 U.S. at 323 (internal quotations omitted).

## DISCUSSION

### I. Background

In the operative complaint (Docket No. 15), Sosa alleges that (1) medical staff at Pelican Bay State Prison failed to provide him with timely and sufficient medical treatment, in violation of the Eighth Amendment, and (2) Torrance, an appeals coordinator at Pelican Bay, violated his First Amendment rights. Claim 1 was dismissed upon a motion by defendants (Docket No. 57), while Claim 2, the subject of the current motion for summary judgment, survived. In this surviving claim, Sosa alleges that Torrance improperly screened out his grievances, thereby preventing him from exhausting him claims. (Second Am. Compl. ("SAC"), Docket No 15, at 10.) These acts violated his First Amendment rights because they were retaliatory (Torrance also allegedly threatened to confiscate his grievance paperwork) and an attempt to prevent Sosa from having access to the courts. (*Id.*)

The facts are undisputed unless specifically noted otherwise. Sosa filed a grievance

1    in April 2011 in which he requested medical treatment for welts on his forehead, eye, and
2    arms, complained about the lack of medical treatment up to that point, and asked for an
3    optometrist appointment. (SAC, Ex. 1 at 1.) The grievance bypassed the informal level
4    and was sent for the next stage of review. (Mot. for Summ. J. ("MSJ") at 3.) In June,
5    Torrance sent Sosa a notice informing him that his appeal was being processed, but that it
6    would not be completed "within the specified time frame." (*Id.*, Ex. A, Torrance Decl. ¶
7    13.) Torrance asserts that she "was not reviewing Sosa's appeal [at that time], and
8    therefore [she] did not have control of the time of response." (*Id.*)

9    In August, Sosa's request to see a doctor was granted, and he received medical
10   examinations and treatment, including an appointment with an optometrist and an order for
11   new glasses. (SAC, Ex. 3.) Nonetheless, Sosa appealed his grievance and raised new
12   claims, specifically that he had had a heart attack brought on by the stress of having
13   shingles, the vaccine for which medical staff had refused to give him. (*Id.*, Ex. 4.)
14   Torrance rejected the appeal because Sosa raised different complaints (heart attack, stress,
15   shingles) than had appeared in the initial grievance (medical care for his welt and skin
16   condition) and therefore had not been presented for review through the proper stages. (*Id.*,
17   Ex. 5.) Sosa appealed Torrance's rejection while admitting that the grounds for his
18   grievance had "changed somewhat." (*Id.*, Ex. 6.) This appeal was cancelled because Sosa
19   was resubmitting a properly rejected appeal and had ignored the prison's advice to correct
20   his grievances. (*Id.*, Ex. 7.)

21   As noted above, Sosa alleges that Torrance violated his First Amendment rights by
22   improperly screening out his appeals. It is undisputed, however, that Sosa never filed a
23   grievance regarding his claims against Torrance.

24   **II.     Administrative Exhaustion**

25   If an inmate wishes to pursue a freestanding claim that a prison official mishandled
26   his prison grievances, he must file a separate prison grievance that raises those claims.
27   *Sapp v. Kimbrell*, 623 F.3d 813, 824 (9th Cir. 2010). The problem with Sosa's First
28   Amendment claim is that he never filed a grievance over it. That is fatal to his case.

Torrance's motion for summary judgment provides evidence to support her assertion that Sosa failed to exhaust. (MSJ, Ex. B, Townsend Decl. ¶¶ 6 and 7.) In his opposition, Sosa does not dispute those facts. Instead, he argues that Torrance improperly handled his grievance appeals.

Prisoners must properly exhaust their administrative remedies before filing suit in federal court. "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and is no longer left to the discretion of the district court. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)). The PLRA exhaustion requirement requires "proper exhaustion" of all available administrative remedies. *Id.* at 93.

The State of California provides its prisoners the right to appeal administratively "any policy, decision, action, condition, or omission by the [CDCR] or its staff that the inmate . . . can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." 15 CCR § 3084.1(a). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal review, submitted on a CDC 602 inmate appeal form; (2) first formal level appeal, to an institution appeals coordinator; (3) second formal level appeal, to the institution warden; and (4) third formal level appeal, to the Director of the CDCR. *See* CCR § 3084.7; *Brodheim v. Cry*, 584 F.3d 1262, 1264-65 (9th Cir. 2009). An inmate's obligation to exhaust persists as long as some remedy is available; when that is no longer the case, the prisoner need not further pursue the grievance. *Brown v. Valoff*, 422 F.3d 926, 934-35 (9th Cir. 2005).

Here, it is undisputed that Sosa did not exhaust his administrative remedies on his First Amendment claims. He offers no reason excusing the exhaustion requirement. As a result, he has not shown evidence that precludes summary judgment. Simply repeating his allegations that Torrance mishandled his grievances is insufficient. *Sapp*, 623 F.3d at 824.

4

1 Accordingly, defendant's motion for summary judgment is GRANTED as to all claims.

## PENDING MOTION

Sosa's "Stipulation With [Proposed] Order Selecting ADR Process ADR Certification" (Docket No. 58) is not a stipulation, defendant not having signed the document or otherwise indicated agreement with Sosa's proposal. The Court construes the stipulation as a motion to refer the action for settlement. So construed, it is DENIED as moot.

## CONCLUSION

Defendant's motion for summary judgment (Docket No. 59) is GRANTED as to all claims against J. Torrance. The Clerk shall enter judgment in favor of Torrance, and in favor of N. Ikegbu, M.C. Sayre, K. Vail, and C. Williams, the defendants whose motion to dismiss the claims against them was granted in a prior order (Docket No. 57).

The Clerk shall terminate Docket Nos. 58 and 59, enter judgment in accordance with the instructions above, and close the file.

**IT IS SO ORDERED.**

**Dated:** January 26, 2015



WILLIAM H. ORRICK
United States District Judge